**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LARRY KLAYMAN,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00610-JSS-PRL**

**ROGER STONE,**

**Defendant,**
**___________________________________/**

**ORDER**

This case, alleging claims under the Racketeer Influenced and Corrupt Organizations Act, and related claims, is before the Court for consideration of the pro se Plaintiff's motion for leave to file electronically. (Doc. 2).

Plaintiff requests permission to file documents electronically through the Court's CM/ECF system. Plaintiff contends that the request is justified because he is a member of this Court and has been suspended from representing clients, and his suspension is being challenged in collateral proceedings. Plaintiff recites that he has experience using this Court's CM/ECF filing system and procedures. Plaintiff also contends that allowing e-filing would alleviate a cost burden on him, and that manually submitted pleadings are not always filed by the Clerk in a timely manner.

Regarding CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is *not* permitted to file documents in CM/ECF." *See* Admin. Proc. for Elec. Filing § B (Nov. 18, 2025) for the United States District Court, Middle District of Florida (emphasis added); *see*

*also* M.D. Fla. Local Rule 1.01(c) ("By administrative order, the court can prescribe procedures governing electronic filing."); Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule."). "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *see McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted); *see also Nathansen v. City of Punta Gorda*, No. 2:25-cv-300-KCD-NPM, 2025 WL 2770876, at *1 (M.D. Fla. Sept. 26, 2025) (recognizing that access to electronic filing via CM/ECF is generally restricted because "the CM/ECF system contains confidential and other sensitive information") (citing Admin. Proc. for Elec. Filing).

In this instance, while the Court acknowledges the unique circumstances regarding Plaintiff's challenge to his ability to represent clients, Plaintiff has not shown sufficiently compelling circumstances as to why he should be permitted to file documents in CM/ECF. Therefore, Plaintiff's motion (Doc. 2) is due to be denied.

However, beginning June 8, 2026, a pro se litigant who is not incarcerated may submit a form online to receive electronic notification of future filings in his case. The Clerk

is directed to send Plaintiffs a copy of the "Notice to Pro Se Litigant Regarding Consent to Receive Notices of Electronic Filings (NEF)," which details this program.

**DONE** and **ORDERED** in Ocala, Florida on September 24, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties